**In the Matter of AMENDED SCHEDULE FOR SUBMISSION OF CASELOAD ALLOCATION PLANS.**

No. 94S00–1102–MS–103.

Supreme Court of Indiana.

Feb. 17, 2011.

*PUBLISHED ORDER APPROVING AMENDED SCHEDULE FOR SUBMISSION OF CASELOAD ALLOCATION PLANS UNDER ADMINISTRATIVE RULE 1(E)*

The Indiana Supreme Court Division of State Court Administration tenders for our approval, under Administrative Rule 1(E),

its First Amended Schedule for Caseload Allocation Plans, which schedule is attached hereto and incorporated as part of this Order.

This Court finds that said schedule should be approved to be effective March 1, 2011.

IT IS, THEREFORE, ORDERED that the tendered schedule is hereby approved.

IT IS FURTHER ORDERED that the Clerk of the Court shall send a copy of this Order to each Clerk of the Circuit Court, to each judge of a trial court of record in Indiana, and to the Executive Director of the Indiana Judicial Center. The Clerk is also directed to post this order to the Court's website, and Thomson Reuters is directed to publish this order in the bound volumes of this Court's decisions.

The Clerks of the Circuit Court shall cause this Order and schedule to be entered in the Record of Judgments and Orders of each trial court and shall post it in a public place for inspection by the local Bar and public.

## ATTACHMENT

### First Amended Schedule and Format for Adoption of County Caseload Allocation Plans

The Indiana Supreme Court Division of State Court Administration, an office of the Chief Justice of Indiana, is charged pursuant to Administrative Rule 1 of the Indiana Rules of Court with establishing and publishing a schedule for the submission and approval of local court rules implementing caseload allocation plans.

Administrative Rule 1(E) requires the courts of record in a county to develop and implement caseload allocation plans that ensure an even distribution of judicial workload among the courts in the county. The plans must reduce disparity in case-loads and judicial resources so that the utilization variance among the courts in the county, based on a weighted caseload measures system, does not exceed 0.40 points. Courts must submit new plans or re-submit existing plans, if no changes are required, every other year.

Further, Trial Rule 81(C) requires that the Division of State Court Administration develop and publish a schedule for the adoption of all local court rules.

Pursuant to Admin. R. 1(E) and T.R. 81(C), the following schedule shall apply for the submission and approval of local rules governing caseload allocation plans.

### 1. Year Plans Must Be Developed

Courts must develop and submit case-load allocation plans every two (2) years.

Submission of caseload allocation plans shall follow the schedule for submission of caseload allocation which is set out in **Section 10.**

If the weighted caseload statistics for the calendar year immediately preceding the year in which a caseload allocation plan is due indicate that the courts of record within the county are within a utilization variance of 0.40 from each other, the courts may revalidate their plan and request that their existing plan be re-adopted.

### 2. Schedule

The schedule for submitting caseload allocation plans shall follow the schedule for adoption of all local rules under Trial Rule 81 and is as follows:

**April 15**—Division of State Court Administration shall publish the WCL report based on the prior year caseload statistics.

**June 1**—Courts of record in the counties who are due to file caseload plans that year pursuant to Section 10 below shall

submit their plans to the Division of State Court Administration for publication and shall publish notice for comment pursuant to T.R. 81.

**July 1**—Close of comment period.

**July 2 to July 31**—Final approval of caseload plans by local courts.

**August 1**—Submission of locally approved caseload plans to Division of State Court Administration for approval pursuant to Administrative Rule 1(E)(3).

**October 1**—Supreme Court action—approval, return with request for revisions, or rejection.

**November 1**—Revised plans due before Supreme Court.

**November 15**—Final Supreme Court action on resubmitted plans.

**January 1** of following calendar year—effective date of caseload plan.

### 3. Content of the Notice

Not later than June 1 of each year, those courts obligated to prepare a caseload reallocation plan shall give notice to the bar and the public of the content of their proposed caseload allocation plan. The notice shall include:

(a) Whether the plan is new or a resubmitted pre-existing plan;

(b) The address to which comments should be sent;

(c) That comments by the bar and public will be received until July 1;

(d) That the trial courts will adopt, modify, or reject the plan by July 31;

(e) That the plan will be submitted to the Indiana Supreme Court by August 1;

(f) That the plan shall not be effective until approved by the Supreme Court; and

(g) That the effective date of the caseload plan shall be January 1 of the following year.

### 4. Publication of the Notice

Publication of the notice is accomplished when the courts of a county provide the text of the caseload allocation plan to the county clerk and to the Division of State Court Administration in digital format. The county clerk shall post the notice in the county clerk's office(s) and on the county clerk's website, if any. The Division of State Court Administration shall post the proposal on the Indiana Judicial website for public inspection and comment. The trial courts shall also give notice to the president and secretary (or similar officers) of any local bar association.

### 5. Close of Comment Period

The courts of the county shall accept comments for 30 days, until July 1. After July 1, the courts shall review and study the comments received and make any advisable changes to the proposed allocation plan.

### 6. Adoption of Plan

The courts of record in the county shall approve a single final caseload allocation plan for the courts on or before July 31.

### 7. Supreme Court Approval

(a) Not later than August 1, the courts shall submit to the Supreme Court's Division of State Court Administration all newly adopted and re-adopted case allocation plans by sending a Request for Approval of Local Rules to the Clerk of the Indiana Supreme Court. The Clerk shall enter the Request in the Supreme Court Chronological Case Summary and shall forward the Request to the Division of State Court Administration.

(See Appendix A for a form **Request for Approval of Local Rules.**)

(b) The Division of State Court Administration, with Supreme Court approval, will act upon Requests not later than October 1. The Division, with Supreme Court approval, may approve the proposal as submitted, approve a modified version, or reject the proposal.

Courts whose plans are rejected or returned with request for revisions shall have until November 1 to resubmit corrected plans.

(c) The Supreme Court order approving the Request for Approval of Caseload Allocation Plan shall be entered in the Record of Judgments and Orders of each local court in which it is effective.

(d) A Caseload Allocation Plan is not effective until the Supreme Court enters an order approving it.

### 8. *Effective Date Of Allocation Plans*

All caseload allocation plans shall become effective January 1 of the following year.

### 9. *Plans for Courts that Fail to Develop Plan.*

Not later than December 1, The Division shall report to the Supreme Court the counties, if any, where the courts have failed to develop a caseload allocation plan or the plan does not meet the requirements of Administrative Rule 1 so that the Court may determine a plan for such a county pursuant to Admin.R. 1(E).

### 10. *Year Caseload Plans Must Be Developed*

**a) 2011:** The following counties must review their caseload allocation plans and either: (1) revalidate their current plan and submit a request to readopt the current plan; or (2) submit a new caseload allocation plan in 2011, and in each odd-numbered year thereafter.

*Districts 10, 11, 12, 13, 14, 16, 17, 18, 19, 20, 22, 23 & 24 (As established in Administrative Rule 3, amended effective January 1, 2011)*

| | | |
|---|---|---|
| Boone | Harrison | Ripley |
| Carroll | Hendricks | Rush |
| Clark | Jefferson | Scott |
| Clay | Johnson | Shelby |
| Clinton | Lawrence | Sullivan |
| Crawford | Madison | Switzerland |
| Dearborn | Marion | Tippecanoe |
| Fayette | Monroe | Tipton |
| Floyd | Montgomery | Union |
| Fountain | Morgan | Vermillion |
| Franklin | Ohio | Vigo |
| Grant | Orange | Warren |
| Greene | Owen | Washington |
| Hamilton | Parke | Wayne |
| Hancock | Putnam | White |

**b) 2012:** The following counties must review their caseload allocation plans and either: (1) revalidate their current plan and submit a request to readopt the current plan; or (2) submit a new caseload allocation plan in 2012, and in each even-numbered year thereafter.

*Districts 1, 2, 3, 4, 5, 6, 7, 8, 9, 15, 21, 25 & 26 (As established in Administrative Rule 3, amended effective January 1, 2011.)*

| | | |
|---|---|---|
| Adams | Huntington | Perry |
| Allen | Jackson | Pike |
| Bartholomew | Jasper | Porter |
| Benton | Jay | Posey |
| Blackford | Jennings | Pulaski |
| Brown | Knox | Randolph |
| Cass | Kosciusko | Spencer |
| Daviess | LaGrange | St. Joseph |
| Decatur | Lake | Starke |
| DeKalb | LaPorte | Steuben |
| Delaware | Marshall | Vanderburgh |
| Dubois | Martin | Wabash |
| Elkhart | Miami | Warrick |
| Fulton | Newton | Wells |
| Gibson | Noble | Whitley |
| Grant | | |
| Henry | | |
| Howard | | |

These standards shall remain in effect until amended.

——————, 2011

Lilia Judson
Executive Director
Indiana Supreme Court Division of State
Court Administration